UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV - SEITZ

Case No. 01-4424

MAGISTRATE JUDGE GARBER

ACCESS NOW, INC., a not-for-profit Florida corporation, and FREDERICK SHOTZ,

Plaintiffs,

v.

DOLLAR RENT-A-CAR SYSTEMS, INC., an Oklahoma corporation,

Defendant.

_______________________________________/

FILED BY ___ D.C.
01 OCT 29 PM 2:31
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

## COMPLAINT

Plaintiffs, ACCESS NOW, INC., a Florida not-for-profit corporation ("Access Now") and FREDERICK SHOTZ ("Shotz"), sue Defendant, DOLLAR RENT-A-CAR SYSTEMS, INC., an Oklahoma corporation d/b/a Dollar Rent-a-Car, ("Dollar"), and allege:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., (hereinafter the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida. The defendant corporation has sufficient contacts with the state of Florida to subject it to personal jurisdiction in it, and, for venue purposes, resides in this District because its

contacts with it are sufficient to subject it to personal jurisdiction if this District were a separate state. Additionally, a substantial part of the property that is the subject of the action is situated in this District.

**PARTIES**

3. ACCESS NOW, INC., ("Access Now") is a Florida not-for-profit corporation organized and existing in the State of Florida. One of the purposes of Access Now, whose members include qualified persons with disabilities under the ADA, is to represent its members to assure that (1) they have access to and use of public spaces and commercial premises; (2) they are not excluded from the enjoyment and use of the benefits and services, programs, and activities of public accommodations, and (3) they are not discriminated against because of their disabilities. ACCESS NOW and certain of its members have suffered or will suffer as a result of the defendant's actions and/or inaction as more fully articulated herein.

4. Shotz is a resident of Broward County, Florida, is sui juris, has mobility impairments which require him to use a wheelchair, and is a qualified individual with disabilities under the ADA. Shotz is also a member of Access Now.

5. Dollar is an Oklahoma corporation authorized to do business, and doing business, in the State of Florida and, more particularly, within this judicial District. Dollar is the owner, tenant, lessor and/or operator of the real property and improvements that are the subject of this action.

6. Dollar is a public accommodation covered under the ADA pursuant to 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS AND CAUSE OF ACTION

7. On or about July 26, 1990, Congress enacted the ADA (see 42 U.S.C. § 12101, et seq.), and the effective date of Title III was January 26, 1992. Businesses were not subject to civil actions for a violations of 42 U.S.C. § 12182 (prohibition of discrimination in public accommodations) only until January 26, 1993 if they had ten (10) or fewer employees and gross receipts of $500,000.00, or until August 26, 1992 if they had 25 or fewer employees and gross receipts of $1,000,000 or less. Pub.L. 101-336, §§ 101-336; 28 C.F.R. § 36.508(a) & -(b).

8. Under the ADA, facilities designed and constructed for occupancy prior to January 26, 1993, must remove barriers to accessibility if removal is readily achievable and facilities designed and constructed after that date must be readily accessible and usable by individuals with disabilities.. 42 U.S.C. §§ 12183(a)(1) and 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304. Plaintiff is informed and believes that Dollar has not complied with these requirements.

9. Furthermore, newly purchased or leased vehicles required to be accessible by 28 C.F.R. § 36.310 must be readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, if the solicitation for the vehicle is made after August 25, 1990. 28 C.F.R. § 36.508(c).

10. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, Dollar is a place of public accommodation because it is a car rental company providing services to the general public.

11. On or about June, 2001, Plaintiff Shotz traveled to Tennessee on business. Three days prior to his trip, Shotz attempted to make reservations with Defendant for a rental car with hand controls. Shotz was told by Defendant's customer

service representative that their Memphis location had only one car with hand controls and it was already reserved for the date Shotz needed a car. Shotz complained to Defendant that having one car was insufficient. The next day, Defendant telephoned Shotz and informed him that Defendant would provide Shotz with a full-sized car with hand controls for rental on the date that Shotz needed it. Upon arrival in Memphis, Shotz telephoned Defendant to make sure that the shuttle bus from the terminal to their facility was equipped with a wheelchair lift. Defendant's representative told Shotz that an accessible vehicle would be sent to Shotz. After a 30-minute wait, a bus equipped with a wheelchair lift arrived. The bus driver had limited knowledge as to how the lift worked. The driver was not able to bring the lift level to the ground and forced Shotz to maneuver his wheelchair over a two-inch lip from the ground to the lift. Once inside the bus, the driver handed Shotz a letter from Defendant addressed to Shotz stating that Dollar did not have a mechanic with the training to install a hand control and so Dollar had reserved a car for Shotz with Hertz, another car rental company. Shotz was told in the letter that he would be reimbursed for the difference in rental charges within "10-15 business days." Shotz was then taken, not to Defendant's rental company, but to Hertz. Upon returning home, Shotz contacted Dollar 's corporate office and was advised by their representatives that their policy is to provide only one car with hand controls per location, nationwide.

12. Dollar has intentionally discriminated, and continues to so discriminate, against Access Now, Shotz or others who are similarly situated, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations located at Dollar in derogation of 42 U.S.C. § 12182 et seq., by, inter alia:

A. Failing to provide any, or an adequate number of, car rentals available at its various locations that are equipped with hand controls to accommodate the needs of its disabled patrons;

B. Failing to provide adequate information to its disabled patrons about the availability, or lack thereof, of cars equipped with hand controls for rental;

C. Denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations located at Dollar in derogation of 42 U.S.C. § 12182 et seq.; and

D. Failing to remove certain architectural barriers on the premises as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

13. Access Now, Shotz, and others similarly situated have been, are being, and/or will be, denied access to and the benefit of, services available at Dollar .

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

15. Dollar is in violation of 42 U.S.C. 12181 et seq., and 28 C.F.R. 36.302 et seq., and is discriminating against Access Now and Shotz as a result of, inter alia, the following specific violations:

A. lack of sufficient adequate and accessible parking spaces;

B. lack of an accessible loading zone;

C. absence of appropriate and effective signage indicating the location and existence of parking spaces for the disabled;

D. lack of accessible counters in the registration/service area;

E. absence of appropriate and effective signage indicating the location of accessible restrooms;

F. lack of accessible drinking water fountains;

G. absence of sufficient restrooms that are able to accommodate and take into consideration the needs of physically disabled individuals; and absence of devices such as grab bars which are designed to assist disabled individuals;

H. lack of accessible door hardware;

I. lack of curb access from the few accessible parking spaces that are available;

J. upon information and belief, other miscellaneous violations of the ADA and regulations promulgated pursuant thereto, which can only be uncovered after a thorough inspection of the premises.

16. To date, access barriers whose removal is readily achievable and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Renovations have been made to the buildings since 1992, which require full compliance with the new construction standards of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §§ 12101 et seq., and 28 C.F.R. § 36.304, Dollar was required to make its facilities, services and accommodations, as a place of public accommodation, accessible to persons with disabilities by January 26, 1992. To date, Dollar has intentionally failed to comply with this mandate.

19. Access Now and Shotz have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay a reasonable attorneys' fees, as well as costs and expenses incurred in this action.

Access Now and Shotz are entitled to recover those attorneys' fees, costs and expenses from Dollar pursuant to 42 U.S.C. § 12205.

20. Pursuant to 42 U.S.C. 12188, this court is vested with the authority to grant Plaintiffs' injunctive relief, including an order to provide a sufficient number of available cars for rental that are equipped with hand controls to accommodate the needs of the disabled; alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA; and close the subject facilities until the requisite physical modifications are completed.

**WHEREFORE**, the Plaintiffs demand judgment against Dollar and request the following injunctive and declaratory relief:

A. a declaration that the policies and procedures by Dollar , are violative of the ADA in that they fail to take into account the needs of disabled patrons to the full extent required by Title III of the ADA;

B. an order requiring Dollar to provide sufficient rental cars equipped with hand controls to accommodate the needs of its disabled patrons to the full extent required by Title III of the ADA;

C. an order requiring Dollar to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D. an order directing Dollar to (1) evaluate its policies, practices, and procedures toward persons with disabilities, and (2) undertake and complete corrective measures providing equal access to individuals with disabilities within a reasonable time;

E. an order mandating Dollar to (1) expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures; (2) provide effective signage; (3) remove all architectural and communication barriers whose removal is readily achievable; (4) provide equivalent facilitation where appropriate, pursuant to 28 C.F.R. Ch. 1, Pt. 36, App. A, section 2.2; and (5) take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated or treated differently from able-bodied persons;

F. an award of reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit, to the Plaintiffs;

G. such other and further relief as the court deems necessary, just and proper.

Respectfully submitted,

**DE LA O & MARKO**
Attorneys for Plaintiffs
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile: (305) 285-5555
delao@delao-marko.com
amaury@delao-marko.com

By:____________________
**Miguel M. de la O**
Florida Bar No. 822700
**Amaury Cruz**
Florida Bar No. 898244

Dated: October 25, 2001

JS44 (Rev. 07/89)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
ACCESS NOW, INC., a not-for-profit Florida corporation, and FREDERICK SHOTZ,

**DEFENDANTS**
DOLLAR RENT-A-CAR SYSTEMS, INC., an Oklahoma corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

A-Dade 1:01 cv 4424 PAS/BC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
de la O & Marko
David Everett Marko, Esq.
3001 S.W. 3rd Avenue
Miami, Florida 33129

ATTORNEYS (IF KNOWN)

FILED BY ____ D.C.
01 OCT 29 PM 2:3
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

(d) COUNTY WHERE ACTION AROSE: Miami-Dade

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
X 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) **42 U.S.C. §§12181 et seq. & 29 U.S.C. §§ 701**

**V. NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 ~~Torts to Land~~
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury — Med Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 ~~Welfare~~
X 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

x 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded IN complaint: **JURY DEMAND:** x YES ☐ NO

**VIII. RELATED CASE(S)** (See Instructions) IF ANY JUDGE ____ DOCKET NUMBER ____

DATE 10/29/01 SIGNATURE OF ATTORNEY OF RECORD [signature]

**UNITED STATES DISTRICT COURT**

Receipt # 851992